IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

|  |  |  |
|---|---|---|
| Emil Ivan Eaglin, | ) | |
| | ) | |
| | ) | Criminal No. 3:04-CR-0547-MBS |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| United States, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Emil Ivan Eaglin ("Petitioner"), a <u>pro</u> <u>se</u> prisoner presently in the custody of the Federal Bureau of Prisons, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "Motion to Vacate" or "§ 2255 Motion"). The Government opposes Petitioner's request and has filed a motion for summary judgment. The Court has thoroughly reviewed the record and finds the motions suitable for disposition without an evidentiary hearing or oral argument. For the reasons that follow, the Court hereby **DENIES** Petitioner's Motion to Vacate and **GRANTS** the Government's motion for summary judgment.

I.      BACKGROUND

Petitioner was one of eight individuals named in a seventeen-count Third Superseding Indictment filed in the above-captioned case on November 17, 2004. ECF No. 144. Petitioner retained Debra Y. Chapman, Esquire, to represent him. On January 21, 2005, Petitioner entered into a plea agreement with the Government (the "Plea Agreement"), pursuant to which Petitioner agreed to plead guilty to one count in the Third Superseding Indictment and one count in a Superseding Information. Plea Agreement ¶ 1, ECF No. 218. In exchange, the Government agreed to move at

sentencing for either a departure from the United States Sentencing Guidelines (the "Guidelines"), pursuant to Section 5K 1.1 of the Guidelines and 18 U.S.C. § 3553(e), or a reduction of sentence, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. Id. at ¶ 10. The Government's obligation to move for the downward departure or reduction of sentence was predicated on Petitioner's provision of "substantial assistance" in the Government's "investigation or prosecution of another person who has committed an offense." Id. Petitioner agreed "to be fully truthful and forthright with the United States Attorney's Office for the District of South Carolina" and to submit to polygraph examinations at the Government's request. Id. at ¶¶ 5, 6. Petitioner further agreed that, if he "fail[ed] to be fully truthful and forthright at any stage . . . the obligations of the Attorneys for the Government within this Agreement [will] become null and void" and that Petitioner's "failure to pass any . . . polygraph examination to the Government's satisfaction will result, at [the] Government's sole discretion, in the obligations of the . . . Government within the Agreement becoming null and void." Id. at ¶¶ 5, 6. Petitioner also waived "the right to contest either [his] conviction or . . . sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255," except for claims of ineffective assistance of counsel or prosecutorial misconduct. Id. at ¶ 12.

On January 25, 2005, Petitioner appeared before the Court and pled guilty to (1) knowingly, intentionally, and unlawfully possessing with intent to distribute 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and (2) conspiracy to knowingly, intentionally, and unlawfully possess with intent to distribute and to distribute 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B). See Guilty Plea 1, ECF No. 201; Third Superseding Indictment 8 (Count Thirteen),

ECF No. 144; Superseding Information 1 (Count One), ECF No. 199. Petitioner was placed under oath and, during the colloquy with the Court that followed, Petitioner responded to the Court's questions, confirming that he was satisfied with the manner in which his lawyer had advised and represented him; that he had talked with his lawyer for as long and as often as he felt necessary for her to represent him; that he had understood their conversations; that his lawyer had done everything for him that he feels she should have; and that he had no complaints to make to the Court about his lawyer. Guilty Plea Hr'g Tr. 17:12–14, 17:23–25, 18:16–17, 18:22–24, 19:18–20, ECF No. 544. Petitioner further affirmed that he understood that his attorney could only give him an estimate of what his Guidelines range may be; that the sentence that the Court ultimately imposed may be different from any estimate that his attorney may have given him; and that the charges that he was pleading to carried a possible penalty of a minimum term of imprisonment of five years and a maximum term of forty years. Id. at 21:13–17, 33:7–34:1. The Assistant United States Attorney then summarized the terms of the Plea Agreement, including Petitioner's agreement to cooperate and to take and pass a polygraph examination at the Government's request, and that failure to pass the polygraph examination "will result at the government's sole discretion in [its] obligations under the plea agreement becoming null and void." Id. at 36:2–11. Petitioner confirmed that he agreed with the Government's summary of the Plea Agreement. Id. at 40:18–20.

Petitioner appeared before this Court for sentencing on February 2, 2006. In the interim between the taking of Petitioner's guilty plea and his appearance for sentencing, Petitioner had failed two polygraph examinations and continued to insist that his involvement in the drug conspiracy to which he had pled guilty was significantly more limited than what other sources indicated. Based on Petitioner's refusal to accept responsibility and failure to pass the polygraph examinations as

3

required by the Plea Agreement, the Government did not move for a downward departure or reduction in sentence. Petitioner's Guidelines range was calculated without the benefit of any reduction for acceptance of responsibility and with a two-level enhancement for obstruction of justice. The enhancement was based on the finding that Petitioner had provided false information to the Government about a co-defendant. No objections were made to the pre-sentence investigation report ("PSR") or to the Court's finding that, based on the foregoing, under the Guidelines, Petitioner faced an advisory sentence of imprisonment within the range of 235 to 293 months. See Sentencing Hr'g Tr. 2–3, ECF No. 542. The Court heard from Ms. Chapman, who acknowledged that Petitioner had failed two polygraph examinations, but requested that the Court nevertheless consider a sentence below the Guidelines. Id. at 4–5. The Court also heard from Petitioner, Petitioner's uncle Monty Eaglin, and the Government, before sentencing Petitioner to a term of imprisonment at the low end of the Guidelines, 235 months for each count, to run concurrently. See J. & Sentence, ECF No. 509.

Despite waiving his right to do so in the Plea Agreement, Petitioner appealed his conviction and sentence. Pursuant to the procedure set forth in Anders v. California, 386 U.S. 738, 744 (1967), Petitioner's appellate counsel Joshua Snow Kendrick filed a brief stating that there were no meritorious issues for appeal, but nevertheless addressing the validity of Petitioner's plea and sentence. See United States v. Eaglin, Unpublished Op. No. 06-4214, at *2 (4th Cir. Dec. 18, 2006), ECF No. 581. Petitioner was advised of his right to file a pro se supplemental brief, but he did not do so. Id. The Fourth Circuit affirmed Petitioner's conviction and sentence through an unpublished per curium opinion issued on December 18, 2006. See id. at 1.

Petitioner filed his first Motion to Vacate on January 7, 2008. See ECF No. 590. Petitioner then sought and was granted leave to file an Amended Motion to Vacate, which was filed on March

4

5, 2008.  See ECF No. 603.[1]  At the Court's direction, the Government filed a response in opposition, together with a motion for summary judgment, on March 25, 2008.  See Gov't's Resp. & Summ. J. Mot., ECF No. 607.    As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court issued an order on March 25, 2008, advising Petitioner of the Government's summary judgment motion and of dismissal procedures and the possible consequences if Petitioner failed to respond adequately.  Roseboro Order, ECF No. 608.  On April 25, 2008, Petitioner filed his response in opposition to the Government's motion for summary judgment.  See Pet'r's Resp., ECF No. 611.

While Petitioner's Amended Motion to Vacate was pending Petitioner, represented by Assistant Federal Public Defender Allen B. Burnside, filed a motion requesting that the Court retroactively apply Amendment 706 to the Guidelines, which reduced the base offense levels associated with each quantity of crack cocaine as of November 1, 2007, and reduce Petitioner's sentence accordingly.[2]  See Mot. For Reduction of Sentence 1, ECF No. 621.  The Court granted this

---

[1]    In its response brief, the Government erroneously implies that Petitioner filed a second Pro Se Amended Motion to Vacate on March 5, 2008, without the Court's permission.  See Gov't's Resp. 2, ECF No. 607.  The amended petition filed on March 5, 2008 is the same document as the proposed amended petition that was attached to Petitioner's motion for leave to file an amended petition.  See ECF No. 599.  In this case, the Clerk would have filed Petitioner's Amended Motion after entering the Court's order granting the Motion to Amend.  That is why both the Court's order and Petitioner's Amended Motion were filed on the same day. The fact that the proposed Amended Motion and the Amended Motion filed on March 5, 2008 is the same document is further evidenced by the date stamp on the envelope attached to the Amended Motion. It indicates that the Amended Motion entered on the docket on March 5, 2008 was received by the Court on February 25, 2008, the same day that the Court received Petitioner's motion to amend. Compare 599-2, with 603-1.

[2]    Although Petitioner pled guilty to charges involving amounts of powder cocaine, based on information provided by a co-defendant, who advised that Petitioner was

motion on October 6, 2008.  As a result, Petitioner's base offense level was reduced two levels and the Court entered an amended judgment sentencing Petitioner to 188 months of imprisonment, 47 months less than the original sentence.  <u>See</u> Am. J., ECF No. 623.  All other provisions of Petitioner's original sentence remained intact following the Court's order.

## II.    <u>LEGAL STANDARD</u>

Pursuant to 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  The Court liberally construes complaints filed by <u>pro</u> <u>se</u> litigants, so that they might have the opportunity to fully develop potentially meritorious cases.  <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).  The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387, 391 (4th Cir. 1990).  Furthermore, under Section 2255, the Court need not hold an evidentiary hearing and may decide the matter on the papers submitted and the record before it when "the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief."  28 U.S.C. § 2255(b).  Federal Rule of Civil Procedure 56 provides that summary judgment shall be rendered "if the movant shows that there is no genuine dispute as to any

---

aware that the powder cocaine that he was supplying to other participants in the conspiracy was being cooked into crack cocaine, Petitioner's base offense level was calculated based on the amount of crack cocaine that was attributed to him, in total approximately 2.64 kilograms.

material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

### III.    DISCUSSION

As an initial matter, the Court finds that, with the exception of his allegations of ineffective assistance of counsel, Petitioner waived the right to assert the claims that he now makes when he agreed, as part of the Plea Agreement, to waive his "right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255[.]" Plea Agreement ¶ 12, ECF No. 218. The Government's decision not to file an opposition brief to Petitioner's counsel's Anders brief on direct appeal has no effect on its ability to assert Petitioner's waiver to defeat his § 2255 motions. Accordingly, of the three grounds for vacation asserted in his Amended Motion to Vacate,[3] the Court need only consider Petitioner's argument that his trial counsel was ineffective for: (1) allowing Petitioner to enter into a Plea Agreement under which the Government had the right to unilaterally withdraw upon Petitioner's failure to pass a polygraph examination; and (2) "permitt[ing] the government to run 'Slip Shod' over the rights of the defendant [at the sentencing hearing,] particularly the enhancement provisions which the government suggested that the court 'Had to follow.'" See Am. Mot. To Vacate 17, ECF No. 603.

As summarized above, Petitioner pled guilty pursuant to a Plea Agreement in which Petitioner agreed to submit to polygraph examinations at the Government's request and further

---

[3]     The Amended Motion to Vacate served to supersede and replace the original Motion to Vacate. Thereafter, the original Motion to Vacate did not perform any function, and any claims that Petitioner made in the original motion that were not re-alleged in the amended motion are considered abandoned and waived. See, e.g., United States v. Francisco-Salazar, Nos. CV 10-2532, CR 10-960, 2010 WL 4902087, at *1 (D. Ariz. Nov. 24, 2010).

agreed that "his failure to pass any such polygraph examination to the Government's satisfaction will result, at [the] Government's sole discretion, in the obligations of the . . . Government within the Agreement becoming null and void."  Plea Agreement ¶ 6, ECF No. 218.  Petitioner now contends that this provision's inclusion in the Plea Agreement "was a proximate result of ineffective counsel."  Am. Mot. To Vacate 17, ECF No. 603.  Specifically, Petitioner alleges that

> The government took advantage of an attorney who apparently was unaware of the impossible position of the terms of the plea agreement, particularly where it is clear that the agreement gives nothing to the defendant, not even a glimmer of hope or fairness for participation in the agreement and indeed costs at the time of sentencing in this matter a total of 5 points in the sentencing enhancement which increased the sentence of the defendant over ten years. . . .

Id. at 18–19.

However, there is nothing in the record that would indicate that either Ms. Chapman or Petitioner was "taken advantage of" or "unaware" of the potential consequences for Petitioner under the Plea Agreement, were he to fail a polygraph examination.  When Petitioner pleaded guilty before this Court he stated affirmatively that he agreed with the Plea Agreement as it was summarized by the Government, which summary included a discussion of the polygraph provision.  See Guilty Plea Hr'g Tr. 36:5–11, 40:18–20, ECF No. 544.  Petitioner further stated that, given the Government's agreement to allow him to plead to a count that carried a mandatory minimum of five years imprisonment, instead of one that carries a mandatory minimum of ten years, that the concessions Petitioner made in the Plea Agreement were in his best interests.  Id. at 39:20–41:9.  Therefore, Petitioner's claim that the Plea Agreement gave him "nothing," is not supported by the record.  Nor is Petitioner's claim that the mere inclusion of the polygraph provision in the Plea Agreement is so unusual as to, in itself, support a claim for ineffective assistance, supported by the law.  Cf., United

8

States v. Patterson, No. 06-4878, 2008 WL 134196, at **3 (4th Cir. Jan. 14, 2008) (holding district court did not commit error in finding that criminal defendant's failure to pass polygraph as required in plea agreement provision constituted a failure to abide by all the terms of his plea agreement). Furthermore, there is no evidence to support Petitioner's claim that Ms. Chapman provided ineffective assistance at the sentencing hearing, or that the Government impermissibly "suggested" that the Court had no choice but to apply the enhancement for obstruction of justice.

IV.    **CERTIFICATE OF APPEALABILITY**

Orders denying a motion pursuant to § 2255 are not appealable unless a court issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1). A COA may issue only if the Petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" and that any dispositive procedural ruling by the district court is also debatable. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The Court finds that Petitioner has failed to make the requisite showing and, therefore, declines to issue a COA.

V.    **CONCLUSION**

For the foregoing reasons, the Court GRANTS the Government's motion for summary judgment, ECF No. 607, and DENIES Petitioner's § 2255 Motion to Vacate, ECF Nos. 590, 603.

**IT IS ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

February 4, 2011
Columbia, South Carolina

9